UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER GRANADO** | : | **DOCKET NO. 2:22-cv-06006** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **STATE OF LOUISIANA, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**ORDER**

Before the court is an Unopposed Motion to Stay or Hold in Abeyance filed by plaintiff Christopher Granado. Doc. 15. Through the motion, plaintiff asserts that his attorney "will be filing a Motion to Withdraw as Counsel of Record." Doc. 15, att. 1, p. 1. He thus requests an indefinite stay of the matter until he retains new counsel to enroll on his behalf. *Id.* at p. 2. He claims counsel for defendant the State of Louisiana does not oppose this motion, but he does not indicate whether counsel for defendant Warden David Wade Correctional Center opposes the motion. Neither defendant has filed a reply to the motion, which is now ripe.

For the reasons stated, plaintiff's motion is **DENIED**.

Rule 1 of the Federal Rules of Civil Procedure instructs us to construe, administer, and employ the rules of procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." A district court also has inherent power to control the disposition of its docket and while doing so, to consider economy of time and effort for itself, counsel, and the litigants. *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 57 S. Ct. 163, 166 (1936)). This inherent authority includes "broad discretion to stay proceedings." *Clinton v. Jones*, 117 S. Ct. 1636, 1650 (1997). Thus, the court must weigh

competing interests and maintain an even balance to properly exercise this discretion when considering a motion to stay. *Landis*, 57 S. Ct. at 166.

"In general, the party seeking the stay 'bears a heavy burden to show why a stay should be granted,' and 'a court should tailor its stay so as not to prejudice other litigants unduly.'" *Howard v. Treon*, No. B-13-129, 2014 WL 12880095, at *2 (S.D. Tex. Apr. 4, 2014) (brackets omitted) (quoting *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 203 n.6 (5th Cir. 1985)). A proposed discretionary stay should be invoked only for something close to genuine necessity. *Coastal (Bermuda)*, 761 F.2d at 203 n.6. And the "granting of an indefinite stay absent statutory authority should be a rare occurrence." *Howard*, 2014 WL 12880095, at *2. *See Landis*, 57 S. Ct. at 167 ("The stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent *within reasonable limits*, so far at least as they are susceptible of prevision and description.") (emphasis added).

Citing his attorney's alleged intent to withdraw as counsel of record,[1] plaintiff asks us to indefinitely stay this matter. Plaintiff specifically states that his current attorney has accepted a position at the Orleans Parish District Attorney's Office and thus, is prohibited from continuing his representation of plaintiff. Doc. 15, att. 1, p. 1. Plaintiff then claims he "will need to find new counsel to represent him for the duration of these proceedings," but "this will take an amount of time that cannot be determined or predicted at the present time" because plaintiff is currently incarcerated. *Id.* at p. 2.

Courts in the Fifth Circuit typically do not grant requests for indefinite stays because the court cannot manage its docket while open ended stays are in place. *See Epley v. Gonzalez*, No. 5:18-CV-142, 2023 WL 5992801, at *1 (N.D. Tex. Feb. 28, 2023) (listing cases in which district

---

[1] As of this order's filing, plaintiff's attorney has not yet moved to withdraw as counsel of record.

courts denied motions for indefinite stays).  Indeed, staying the case indefinitely would not be an economical use of time and effort for the court, defendants, or defense counsel.  Accordingly, granting the motion does not comport with our obligation under Rule 1 of the Federal Rules of Civil Procedure to secure the just, speedy, and inexpensive determination of this action.

Furthermore, the United States Court of Appeals for the Fifth Circuit has stated, "stay orders will be reversed when they are found to be immoderate or *of an indefinite duration*." *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982) (emphasis added).  Plaintiff has not specified when he might be ready to proceed with this lawsuit; he instead asserted that the amount of time he needs to find an attorney "cannot be determined or predicted."  Thus, when weighing plaintiff's request against defendant's right to proceed with the case, its interest in an economical use of counsel's time and effort, and the court's obligation under Rule 1, granting plaintiff's motion would be an abuse of discretion.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's Unopposed Motion to Stay or Hold in Abeyance [doc. 15] is **DENIED**.

THUS DONE AND SIGNED in Chambers this 25th day of October, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE