UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**CHRISTOPHER GRANADO**  :  **DOCKET NO. 2:22-cv-6006**
  :  **SECTION P**

**VERSUS**  :  **JUDGE JAMES D. CAIN, JR.**

**STATE OF LOUISIANA, ET AL**  :  **MAGISTRATE JUDGE LEBLANC**


## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by petitioner Christopher Granado (Granado), through counsel. Doc. 1. Granado is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. The respondent filed an opposition to the petition. Doc. 10. The petition is now ripe for review.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For reasons stated below, **IT IS RECOMMENDED** that all claims be **DENIED** and **DISMISSED**.

### I.
#### BACKGROUND

On June 2, 2016, Defendant was indicted by a grand jury as a principal to racketeering, in violation of La. R.S. 14:24 and 15:1353, and conspiracy to distribute methamphetamine, a Schedule II Controlled Dangerous Substance, in violation of La. R.S. 40:967(A). He was arraigned and pled not guilty. *See State v. Granado,* 18-485, (La. App. 3 Cir. 12/6/2018), 216 So. 3d 51, 54.

On January 9, 2018, Granado entered an *Alford* plea to racketeering pursuant to a plea agreement.[1] In return for his *Alford* plea, the State agreed to dismiss the charge of conspiracy to distribute a schedule II controlled dangerous substance, in violation of La. R.S. 40:967(A). *Id*. The trial court accepted Granado's plea and entered the plea agreement and waiver of constitutional rights forms into the record. *Id*. On February 26, 2018, Granado was sentenced to forty years at hard labor with credit for time served since the date of arrest and fined $50,000.00 plus court costs. *Id*.

### A. Procedural Background

#### a. Direct Appeal

After unsuccessful motions in the trial court to amend his sentence, to withdraw his plea, and to reconsider his sentence, Petitioner timely filed a direct appeal in the Louisiana Third Circuit Court of Appeal. *State v. Granado,* 18-485, (La. App. 3 Cir. 12/6/2018), 261 So.3d 51. On appeal he raised the following issues:

> 1. The district court erred in denying Chrsitopher Granado's Motion to Withdraw his Guilty Plea as not knowingly and voluntarily [sic] when Mr. Granado's counsel failed to properly and accurately communicate the State's plea offer to Mr. Granado: (1) by advising Mr. Granado that he would be sentenced to a prison term of 7-years; and (2) when Mr. Granado reasonably relied on his counsel's statement and pled guilty on the strength of counsel's advice.
>
> 2. The district court erred in imposing on [sic] a prison sentence of 40 years on Christopher Granado because this sentence was grossly excessive under the facts, circumstances, and sentencing factors.

*Id*. at 55. The conviction was affirmed by the state appellate court, *id*., and his application for writ of certiorari was denied by the Louisiana Supreme Court, *State v. Granado*, 2019-K-0048 (La.

---

[1] Defendant entered a guilty plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L. Ed. 2d 162 (1970), which recognized a defendant's right to knowingly and voluntarily enter a plea of guilty and consent to the imposition of a prison sentence, even in the instance that the defendant denies or refuses to admit participation in some or all of the actions that constituted the crime.

9/06/19), 278 So.3d 968. The petitioner did not seek further review from the United States Supreme Court. Doc. 1, p. 3.

### b. State Collateral Review

Petitioner's Application for Post-Conviction Relief was filed with the state trial court on July 31, 2019. *See* doc. 1, att. 7, pp. 1-33. On September 13, 2019, the trial court entered an order denying Granado's application, finding that Granado's plea was entered knowingly, intelligently, and voluntarily. *Id*. at pp. 34-37. The district court further held there was no mention of a seven-year plea agreement, the plea was "straight up" and that Granado waived his right to appeal and to apply for postconviction relief, as set forth in the plea agreement. *Id*. Granado filed a writ application in the Louisiana Third Circuit Court of Appeal seeking supervisory review of the trial court's ruling, asserting three assignments of error: (1) the trial court erred in ruling Granado waived his right to post-conviction relief; (2) the trial court erred in denying Granado's claim of ineffective assistance of counsel based upon his attorney's failure to properly and accurately communicate the State's plea offer to him; and (3) the trial court erred in denying Granado's other ineffective assistance of counsel claims. *See id.* at p. 37. On review, the Louisiana Third Circuit Court of Appeal found that Granado did not waive his right to "seek post-conviction relief," noting that the trial judge at sentencing orally advised Granado he had a 30-day time frame in which to appeal, and this took precedence over the contrary provision in the plea agreement. *Id*. at p. 38. However, the state appellate court upheld the trial court's denial of Granado's ineffective assistance of counsel claims in all respects. *Id.*

Granado subsequently filed an Application for Supervisory Writs with the Louisiana Supreme Court, seeking a reversal of the Louisiana Third Circuit Court of Appeal's ruling denying his Application for Post-Conviction Relief and requesting a ruling that his counsel was ineffective.

Alternatively, Granado asked the court to remand this matter to the trial court and order that an evidentiary hearing be conducted. On November 17, 2021, the writ application was denied. Doc. 1, att. 8, p. 1.

### c. Federal Habeas Petition

The instant petition was filed in this court on November 17, 2022, asserting ineffective assistance of trial counsel. Doc. 1. Specifically, he contends that his trial attorney misled him when counsel advised would receive a sentence of only seven years in prison if he pled guilty to the offense of racketeering.

## II.
## LAW & ANALYSIS

### A. Timeliness

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. *Id.* The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. *Id.* at § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Rhines v. Weber*, 125 S.Ct. 1528 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of 28 U.S.C. §

2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

### B. *Exhaustion and Procedural Default*

Exhaustion and procedural default are both affirmative defenses that may be considered waived if not asserted in the respondent's responsive pleadings. *E.g.*, *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994). However, the federal district court may also consider both doctrines on its own motion. *Magouirk v. Phillips*, 144 F.3d 348, 357–59 (5th Cir. 1998). Therefore, we consider any assertions by respondent under these doctrines, in addition to conducting our own review.

#### 1. *Exhaustion of State Court Remedies*

The federal habeas corpus statute and decades of federal jurisprudence require that a petitioner seeking federal habeas corpus relief exhaust all available state court remedies before filing his federal petition. 28 U.S.C. § 2254(b)(1); *e.g.*, *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). This is a matter of comity. *Ex parte Royall*, 6 S.Ct. 734, 740–41 (1886). To satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts "in a procedurally proper manner according to the rules of the state courts." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Each claim must be presented to the state's highest court, even when review by that court is discretionary. *Wilson v. Foti*, 832 F.2d 891, 893–94 (5th Cir. 1987). The exhaustion requirement is not satisfied if the petitioner presents new legal theories or entirely new

factual claims in support of his federal habeas petition. *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983).

In Louisiana the highest court is the Louisiana Supreme Court. *See* LSA–Const. art. 5, § 5(a). Thus, for a Louisiana prisoner to have exhausted his state court remedies he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner, based on the same general legal theories and factual allegations that he raises in his § 2254 petition.

### 2. Procedural Default

When a petitioner's claim is dismissed by the state court based on state law grounds, and those grounds are independent of the federal question and adequate to support the judgment, he may not raise that claim in a federal habeas proceeding absent a showing of cause and prejudice or that review is necessary "to correct a fundamental miscarriage of justice." *Coleman v. Thompson*, 111 S.Ct. 2546, 2553–54, 2564 (1991) (internal quotations omitted). Procedural default exists where (1) a state court clearly and expressly bases its dismissal of the petitioner's constitutional claim on a state procedural rule and that procedural rule provides an independent and adequate ground for the dismissal ("traditional" procedural default) or (2) the petitioner fails to properly exhaust all available state court remedies and the state court to which he would be required to petition would now find the claims procedurally barred ("technical" procedural default). In either instance, the petitioner is considered to have forfeited his federal habeas claims. *Bledsue v. Johnson*, 188 F.3d 250, 254–5 (5th Cir. 1999). This is not a jurisdictional matter, but instead a doctrine "grounded in concerns of comity and federalism." *Trest v. Cain*, 118 S.Ct. 478, 480 (1997). The grounds for traditional procedural default must be based on the actions of the last state court rendering a judgment. *Harris v. Reed*, 109 S.Ct. 1038, 1043

(1989). To serve as adequate grounds for a federally cognizable default, the state rule "must have been firmly established and regularly followed by the time as of which it is to be applied." *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004) (internal quotations omitted).

### C. General Principles

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, 28 U.S.C. § 2254, governs habeas corpus relief. The AEDPA limits how a federal court may consider habeas claims. After the state courts have "adjudicated the merits" of an inmate's complaints, federal review "is limited to the record that was before the state court[.]" *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).

To overcome AEDPA's re-litigation bar, a state prisoner must shoehorn his claim into one of its narrow exceptions. *Langley v. Prince*, 962 F.3d 145, 155 (5th Cir. 2019). As relevant here, he must show the state court's adjudication of the claim "resulted in a decision that was [1] contrary to, or [2] involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Id.*; 28 U.S.C. § 2254(d)(1).

The first exception to the re-litigation bar—the "contrary to" prong—is generally regarded as the narrower of the two. *Id*. A state-court decision is "contrary to" clearly established federal law only if it "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if" it resolves "a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Id*. (*citing Terry Williams v. Taylor,* 120 S.Ct. 1495, 1523 (2000)).

The other exception to § 2254(d)(1)'s re-litigation bar is the "unreasonable application" prong, which is almost equally unforgiving. *Id*. at 156. The Supreme Court has repeatedly held that it is not enough to show the state court was wrong. *Id*.; *see also Renico v. Lett*, 130 S.Ct. 1855, 1862 (2010) ("[A] federal habeas court may not issue the writ simply because that court

concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." (quotation omitted)); *Schriro v. Landrigan*, 127 S.Ct. 1933, 1939 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold."). Rather, the re-litigation bar forecloses relief unless the prisoner can show the state court was so wrong that the error was "well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. (*citing Shoop v. Hill*, 139 S.Ct. 504, 506 (2019) (per curiam) (quotation omitted)). In other words, the unreasonable-application exception asks whether it is "beyond the realm of possibility that a fairminded jurist could" agree with the state court. *Id. (citing Woods v. Etherton*, 136 S. Ct. 1149, 1152 (2016) (per curiam)); *see also Sexton v. Beaudreaux*, 138 S.Ct. 2555, 2558 (2018) (per curiam) (asking "whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court" (quotation omitted)).

Overcoming AEDPA's re-litigation bar is necessary, but not sufficient, to win habeas relief. Even after overcoming the bar, the prisoner still must "show, on de novo review, that [he is] 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Id. (citing Salts v. Epps*, 676 F.3d 468, 480 (5th Cir. 2012) (quoting 28 U.S.C. § 2254(a)); *see also Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010) ("[A] habeas petitioner will not be entitled to a writ of habeas corpus if his or her claim is rejected on de novo review [under] § 2254(a).").

Section 2254(d)(2) speaks to factual determinations made by the state courts. Federal courts presume such determinations to be correct; however, a petitioner can rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## III.
### LEGAL ANALYSIS

#### A. Timeliness

Granado's conviction became final on December 5, 2019, when his 90-day window for seeking review in the United States Supreme Court expired. *Roberts v. Cockrell*, 319 F.3d 690, 693-695 (5th Cir. 2003). While the direct appeal was pending before the state courts, Granado filed an application for post-conviction relief on July 31, 2019. Accordingly, **0 days** accrued against § 2244(d)'s one year limitations period before he filed his application for post-conviction relief in the trial court. The limitations period remained tolled until the Louisiana Supreme Court's decision denying his final writ application on November 17, 2021. Granado filed his federal habeas petition on November 17, 2022. Therefore, the matter is timely.

#### B. Exhaustion and Procedural Default

Finding that the application was timely, we next apply the doctrines of exhaustion of state court remedies and procedural default to determine whether we can proceed to the merits of the claim. Upon our review of the appellate record, we find that Granado properly sought review in state court on all claims before this Court on habeas review. He therefore has exhausted his state court remedies. In addressing the merits of the claim now raised in his federal habeas petition, the state court found no procedural defects and denied the claim on the merits. Therefore, we find no grounds for procedural default.

#### C. Merits Consideration

Claims of ineffective assistance of counsel are gauged by the guidelines set forth by the Supreme Court in *Strickland v. Washington*, 104 S.Ct. 2052 (1984). Under *Strickland*, a petitioner must demonstrate: (1) that his counsel's performance was deficient, requiring a showing that the errors were so serious such that he failed to function as "counsel" as guaranteed by the Sixth

Amendment, and (2) that the deficiency so prejudiced the defendant that it deprived him of a fair trial. *Id.* at 2064. The first prong does not require perfect assistance by counsel; rather, petitioner must demonstrate that counsel's representation fell beneath an objective standard of reasonableness. *Id.* Judges have been cautioned towards deference in their review of attorney performance under *Strickland* claims in order to "eliminate the potential distorting effect of hindsight." *Rector v. Johnson*, 120 F.3d 551, 563 (5th Cir. 1997) (quoting *Strickland*, 104 S.Ct. at 2065) (quotations omitted). Accordingly, the court should "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

The second prong requires the petitioner to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 104 S.Ct. at 2055–56. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 2056. In other words, the petitioner must show prejudice great enough to create a substantial, rather than conceivable, likelihood of a different result. *Pape v. Thaler*, 645 F.3d 281, 288 (5th Cir. 2011) (quoting *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (2011)). "Both of [*Strickland*'s] prongs must be proven, and the failure to prove one of them will defeat the claim, making it unnecessary to examine the other prong." *Williams v. Stephens*, 761 F.3d 561, 566–67 (5th Cir. 2014).

Granado alleges his attorney mislead him when counsel informed him he would receive a sentence of only seven (7) years in prison if he pled guilty to the offense of racketeering, a violation of La.R.S. 15:1353, and that counsel also made this same statement to various members of Granado's family and friends. Doc. 1, att. 2, p. 9. As part of the plea the State dismissed a related count of conspiracy to distribute a controlled dangerous substance over twenty-eight grams, and Granado ultimately was sentenced to serve forty (40) years at hard labor on the racketeering

charge. Granado asserts that, had he "known that he might be sentenced forty years of imprisonment, he would have never accepted the plea offer and would have opted to wait until there were additional plea negotiations or would have taken the matter to trial." *Id*. Granado argues further that his attorney was ineffective because he (1) did not file any opposition to the Sentencing Memorandum filed by the State, (2) did not file any response, objection, or opposition to the PSI, and, 3) failed to "request an evidentiary hearing in connection with sentencing in order to put the State to the burden of proving the incredible story about Mr. Granado and his alleged conduct." *Id*. at p. 10.

The Respondent relies on the record to refute the allegations.

The starting point with respect to petitioner's claim is the fact that he pled guilty. A guilty plea will be upheld on habeas review if it is entered into knowingly, voluntarily and intelligently. *Montoya v. Johnson*, 226 F.3d 399, 405 (5th Cir. 2000); *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea and any concomitant agreement will be upheld on federal review. *Deville v. Whitley*, 21 F.3d 654, 656 (5th Cir. 1994). The "knowing" requirement that a defendant "understands the consequences of a guilty plea" means only that the defendant understands the maximum term and fine for the offense charged. *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir. 1996) (citing *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990)).

In the present case, Granado has not shown that he was not adequately informed of the nature of the charges against him prior to his guilty plea. Conversely, the records give every indication that he was fully informed about the consequences of his plea. At his plea entry

-11-

proceeding, Granado was fully informed that he faced up to fifty (50) years imprisonment at hard labor. Doc. 10, att. 14, p. 17. The trial judge also questioned him as follows.

> Q: Okay. Has anyone offered – other than what's been offered here in open court has anybody made a promise to you regarding the sentences that you'll receive?
> A: No sir.

*Id*. at p. 24. The United States Fifth Circuit Court of Appeals has held that "solemn declarations in open court carry a strong presumption of verity." *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977)).

Moreover, the Plea Agreement in this case, signed by Granado, his attorney, and the trial judge, also showed that no agreed upon sentence was provided, but only a "straight up plea." Doc. 10, att. 14, pp. 9-11. The Agreement also provided that, "By accepting this plea agreement, defendant acknowledges that his/her counsel has performed adequately and competently, securing a satisfactory please [sic] agreement and resolution of defendant's criminal case(s)." *Id*. Granado has the burden to rebut the presumption of regularity of his signed documents. 28 U.S.C. § 2254(e)(1); *see Bonvillain v. Blackburn*, 780 F.2d 1248, 1250 (5th Cir. 1986). The Court finds that petitioner has not met this burden.

The state trial court denied Granado's claims that his trial counsel informed him and his family members that he would be sentenced to only seven years in prison as meritless. The court's Order states:

> The transcript of the plea indicates that the defendant knowingly and voluntarily entered into the plea, plea agreement, and waiver of constitutional rights. There is no indication nor mention of a seven-year plea agreement. The plea agreement states that the plea was straight up.

Doc. 10, att. 1, pp. 148-50.

Granado sought review of the trial court's ruling, which was denied by the Louisiana Third Circuit Court of Appeal as meritless:

> Relator has failed to show that counsel's advice to plead guilty was not within the wide range of competence demanded of attorneys in criminal cases. Relator provides affidavits in which he swears counsel advised him and his family that he would be sentenced to a seven-year sentence. The trial court directly addressed this claim and said there was no indication or mention of a seven-year plea agreement. The plea agreement was signed by Relator and his counsel and the agreed upon sentence reflected "straight up plea."

Doc. 10, att. 3.

Finally, Granado filed an application for supervisory writs in the Louisiana Supreme Court, which also denied review, holding that "Applicant fails to show that he was denied the effective assistance of counsel during plea negotiations under the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.ed.2d 674 (1984)." Doc. 10, att. 6.

Respondent in this case notes that *Strickland* requires proof that counsel erred and that his client suffered prejudice therefrom. Respondent also submits that the "incredible story" regarding Granado's illegal drug enterprise was presented to him in detail on several occasions and he never contested the basic facts provided to him by the State. The indictment against the petitioner outlined his drug and conspiracy offenses in detail. Doc. 10, att. 30, pp. 20-25. These details were recounted during the factual basis presentation by the State at petitioner's plea entry proceeding. *Id*. at pp. 29-44. While Granado's attorney stated that the petitioner did not agree with "each and every fact read into the record" by the prosecutor, "he wouldn't contest the facts in the case." *Id*. at pp. 39,40. Finally, an extensive PSI was undertaken in petitioner's case. *Id*. at pp. 56-62. At sentencing, petitioner's attorney stated that he reviewed the PSI and the State's sentencing memorandum in the case. *Id*. at p. 66.

To prove prejudice for an ineffective assistance of counsel claim in the context of a guilty plea, the habeas petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Bond v. Dretke,* 384 F.3d 166 (5th Cir. 2004) (citing *Hill v. Lockhart*, 474 U.S. 52, 59, 88 L. Ed. 2d 203, 106 S. Ct. 366 (1985)). To obtain federal habeas relief based on alleged promises, a petitioner must prove that he was promised an "actual sentencing benefit" by showing (1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise. *Id.* (*citing Daniel v. Cockrell,* 283 F.3d 697, 703 (5th Cir. 2002); *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Granado did not establish that his counsel promised him a lesser sentence, nor did he show that his guilty plea was induced by his counsel "clearly and unequivocally guaranteeing a lesser sentence or some other specific leniency." *Daniel*, 283 F.3d at 703. Therefore, Granado has not established that the state court's denial of relief on this claim was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

## IV.
### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers this 20th day of October, 2025.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE